ELBERT SARGENT, Respondent, v. HERBERT W. BOWLER et al., Appellants.— The action arose over a disputed number of feet of lumber purchased and received by the defendants from the plaintiff. The plaintiff contends there was a balance of $3,481.64 due him, while the defendants contend that they had made payment in full for the lumber received. The action was brought and

trial commenced before a Justice and a jury at the Trial Term of Supreme Court, Essex County, held in Elizabethtown, New York, on June 4, 1947. At the noon recess defendant Herbert W. Bowler was informed by his counsel that "The case is lost." Defendants' counsel also informed the defendant Herbert Bowler that the Justice was going to take it from the jury and decide against the defendants, and advised the defendant Bowler to make the best settlement he could. Before going into court conferences were held and one in the Justice's chamber before the Justice as to settlement. Herbert Bowler was informed by his attorney that the plaintiff would take $3,200. Herbert Bowler said he would have to give a note for $3,200 and wanted a year to pay, but plaintiff allowed only thirty days. The defendant Grace B. Bowler was not at these conferences. After Herbert W. Bowler had signed the note for $3,200, counsel for plaintiff informed him that Mrs. Bowler would have to sign to which Herbert W. Bowler replied — "It is useless to ask her. I know she will not sign it." The Justice then said — "In that case, the trial will have to be resumed in the morning." Whereupon Mrs. Bowler was sent for. She came to the Justice's chamber and was informed of the result of the conference and was asked to sign the note for $3,200, by the plaintiff's counsel, which she refused to do. In the presence of the Justice she was told by plaintiff's counsel she would have to sign it and she reiterated her refusal. The Justice then said to her — "If you do not sign the note, I will enter judgment in the action for the plaintiff." The Justice then returned to the courtroom and dictated on the record a stipulation purportedly to be made by and between the attorneys for the respective parties, consenting that the attorney for the plaintiff enter a judgment in favor of the plaintiff and against the defendants for $3,200 without costs. Thereafter, a motion was made at an adjourned Trial and Special Term of Supreme Court before the same Justice to open and vacate the judgment entered in said action, on the 21st day of July, 1947, which was denied. The defendants were entitled to their day in court. It is well settled in the State of New York that an attorney cannot settle a suit and conclude his client in relation to the subject in litigation without his client's consent. (*Countryman* v. *Breen,* 241 App. Div. 393, 394, affd. 268 N. Y. 643; *Bush* v. *O'Brien,* 164 N. Y. 205; *United States* v. *Beebe,* 180 U. S. 343, 352.) This is especially true when a client refuses in the presence of the court and the attorney. Under the circumstances of this case, where it does not appear that both defendants finally consented to judgment, it was error for the court to permit judgment to be entered against them. Order reversed, on the law and facts and new trial granted, with $10 costs and disbursements, and motion to vacate judgment granted except the judgment shall remain a lien of record pending the final result of a new trial. Cash deposited to be returned to appellant. Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ., concur.